The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion concerning the legality of the exclusion of some musical instrument vendors from a gathering held on school property. Specifically, you have indicated that at the beginning of each school year, an annual meeting is held for the purpose of introducing the parents of prospective junior high and high school band members to the band directors and certain vendors of band instruments, presumably for the partial purpose of instigating the purchase, by parents, of the instruments. You have also indicated that at least some local musical instrument vendors have been affirmatively excluded from the gathering.
It is my opinion, following a review of the provisions of applicable Arkansas statutory law and several potential United States constitutional law theories, that although the exclusion appears to be patently inequitable, there is no specific statutory or constitutional prohibition which would afford relief to an excluded vendor. The Arkansas Freedom of Information Act, (A.C.A.25-19-101 et seq.), the Equal Access Act (A.C.A. 6-21-201), and the Arkansas school purchasing provisions, (A.C.A. 6-21-301 — 305), all appear to be inapplicable. Similarly, under United States constitutional analysis, the excluded music vendor is a member of no suspect class; the sale of his instruments does not represent any fundamental right; and his attendance at the gathering would likely not constitute any form of commercial speech protected under the First Amendment. Additionally, his exclusion from the meeting does not constitute a deprivation of life, liberty, or property which would render applicable the due process clause. It also appears that the meeting does indeed present a proper school purpose, thus prohibiting an illegal exaction challenge under Art. 16. 13 of the Arkansas Constitution.
It is conceivable, however, that the situation presents a violation of the Equal Protection Clause. It must be noted, however, that because the vendor is not a member of any suspect classification, and because no fundamental right is involved, a court would view his exclusion under the "mere rationality" standard. Under this standard, the exclusion will be upheld unless there is no rational basis to justify it. Violations of the Equal Protection Clause are rarely found under this standards.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.